IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEREMIAH GARZA, ) | Case No. 1:20-cv-2055 |
| ) | |
| Plaintiff, ) | JUDGE JAMES S. GWIN |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | **REPORT AND RECOMMENDATION** |
| ) | |

**I.      Introduction**

Plaintiff, Jeremiah Garza ("Garza"), filed a complaint challenging the final decision of the Commissioner of Social Security ("Commissioner"), denying his application for benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq*. The court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation. Garza has requested leave to proceed *in forma pauperis* ("IFP") in this matter. For the reasons set forth below, I recommend that his IFP application be DENIED.

**II.      Relevant Background Information**

On September 14, 2020, Garza filed a complaint challenging the decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits. ECF Doc. 1. Garza also filed a motion to proceed *in forma pauperis*. ECF Doc. 2. On the forms attached to his application, Garza states that his average monthly income is

$3,400 per month. His spouse also contributes a small amount of monthly income to the household. ECF Doc. 2 at 2. He states that he has $7,000 in a checking account. He owns a home, a car and has a retirement account. Garza estimates that his monthly expenses are $2,580. Thus, Garza's monthly income is greater than his monthly expenses. ECF Doc. 2 at 3-4.

**III.     Law & Analysis**

Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefore." *See* 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.* 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.,* 865 F.2d 22, 23 (2nd Cir. 1988)). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.* It is within the court's discretion whether to allow a litigant to proceed IFP. *Foster,* 21 Fed. Appx. at 240.

Here, Garza's application reflects that his monthly income exceeds his monthly expenses, and he has resources that could be used to pay his filing fee. It does not appear that he is unable to pay the filing fee in this case. Rather, it appears that this is a case where he must "weigh the financial constraints posed by pursuing [his] complaint against the merits of his claims." *Behmlander v. Comm'r of Soc. Sec.,* 2012 U.S. Dist. LEXIS 160454, *6 (E.D. Mich., 2012). The undersigned finds that Garza is not eligible to proceed IFP in this case and recommends that the court DENY his IFP application and require him to pay the filing fee.

Dated: September 14, 2020

*Thomas M. Parker*
United States Magistrate Judge

_____

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).